57 F.3d 1085
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re Charles D. ROSELIN
 No. 94-1522.
 United States Court of Appeals, Federal Circuit.
 June 14, 1995.
 
 Before PLAGER, CLEVENGER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles D. Roselin appeals from the June 28, 1994 decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (Board), Appeal No. 94-2086. The Board affirmed the examiner's final rejection of claims 12-21 of application Serial No. 07/655,261, entitled "Art/Sound Stereo Speaker System." The Board concluded, inter alia, that the examiner properly rejected claims 12-21 as obvious over U.S. Patent No. 4,267,405 (Russell) in view of U.S. Patent No. 3,933,219 (Butler), U.S. Patent No. 3,938,617 (Forbes), U.S. Patent No. 2,068,590 (Applestam) and Japanese Patent No. 55-46646 (Harata).[1]
 
 
 2
 The ultimate determination of obviousness is a question of law, subject to complete and independent review on appeal. In re Woodruff, 919 F.2d 1575, 1577, 16 USPQ2d 1934, 1935 (Fed.Cir.1990). We defer to the Board under the appropriate standard of review, however, regarding underlying factual determinations, such as what a reference teaches. In re Napier, No. 93-1363, 1995 U.S.App. LEXIS 11956, at * 6 (Fed.Cir. May 22, 1995).
 
 
 3
 The Board examined each of the prior art references and found that every structural limitation in Roselin's claimed invention was taught in at least one of these references. The Board then concluded that it would have been obvious to one of skill in the art to combine these references to produce the claimed invention. Having reviewed the Board's decision and Roselin's arguments to the contrary, we find no reversible error in the Board's judgment, and therefore affirm.
 
 
 
 [1]
 The Board also affirmed the examiner's rejection of claims 12-21 as indefinite, 35 U.S.C. Sec. 112 p 2, and claims 15 and 18 as lacking an adequate written description, 35 U.S.C. Sec. 112 p 1. Since we affirm the section 103 rejection we do not address these other grounds for rejection